IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **CAMRON P. SMITH**,<br><br>　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>　　　　　　　　　**Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:13-cv-00277**<br><br>**United States District Court Judge Clark Waddoups**<br><br>**Magistrate Judge Dustin B. Pead** |

## I.  PROCEDURAL BACKGROUND

Pursuant to 42 U.S.C. § 405(g), Plaintiff Camron P. Smith ("Plaintiff") seeks judicial review of the decision of the Acting Commissioner of Social Security ("Commissioner"), finding that the Social Security Administration ("Agency") was not negligent:  (1) with respect to the selection and monitoring of Plaintiff's former representative payee, Mary Smith, and (2) in not collecting amounts owed by Mary Smith to the Plaintiff.

The Agency issued its initial determination on this issue in October 2009 (Certified Administrative Transcript (Tr.) 109-12), which was affirmed following Plaintiff's request for reconsideration in December 2009 (Tr. 118-24).  At Plaintiff's request, an administrative law judge (ALJ) held a hearing in March 2011 (Tr. 211-41).  After the hearing, the ALJ found that the Agency was not negligent and was not liable to Plaintiff for restitution related to any misused benefits (Tr. 105-114).  The Appeals Council denied Plaintiff's request for review in February 2013 (Tr. 4-8), making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210(a).

On December 3, 2013, this case was referred to Magistrate Judge Dustin Pead by District Court Judge Clark Waddoups pursuant to 28 USC § 636(b)(1)(B) (doc. 15).  On June 16, 2014, Plaintiff filed his pending Motion For Judgment on the Pleadings (doc. 19) and oral argument on Plaintiff's motion was held before this court on December 9, 2014 (doc. 34).

## II.  STANDARD OF REVIEW

The Court's review is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Substantial evidence means "more than a mere scintilla," or such evidence as a "reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401.  The Court must not re-weigh the evidence, nor may it substitute its judgment for that of the ALJ.  *See Lax*, 489 F.3d at 1084.  Where the evidence as a whole supports the ALJ's decision, the decision must be affirmed, regardless of whether the Court would have reached a different result if the matter was before it de novo.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## III.  PLAINTIFF'S ALLEGATIONS OF ERROR

Plaintiff raises several arguments on appeal.[1]  First, Plaintiff argues that the Agency was negligent in investigating his representative payee, Mary Smith, prior to her appointment (Plaintiff's Opening Brief (Pl. Br.) 15-17).  Second, Plaintiff argues that the Agency was

---

[1] Plaintiff raised additional points of error in his Opening Brief (*see generally* Pl. Br.), but narrowed the focus of his appeal to these three central issues at oral argument.

negligent in monitoring Ms. Smith after she was appointed as his representative payee (Pl. Br. 18-22). Third, Plaintiff argues that the Agency was negligent in failing to act timely in seeking to recover the misused funds from Ms. Smith (Pl. Br. 22-23). The Commissioner disputes these allegations (*see generally* Defendant's Answer Brief (Def. Br.)).

At oral argument, Plaintiff's counsel waived argument with respect to his allegations that the Agency was negligent in its selection and monitoring of Ms. Smith (*see generally* Def. Br.). As such, the only issue remaining before the Court is whether the Agency was negligent in failing to attempt to recover the misused funds from Ms. Smith in a timely manner and, if so, whether the Agency is liable to pay restitution to the Plaintiff.

**IV. ANALYSIS**

The regulatory framework applicable to this case is found at 20 C.F.R. §§ 404.2041 and 416.641. *See* 42 U.S.C. § 405(j)(5); 42 U.S.C. § 1383(a)(2)(E); 20 C.F.R. § 404.2041; and 20 C.F.R. § 416.641. 20 C.F.R. § 404.2041 (applicable to Disability Insurance Benefits) and 20 C.F.R. § 416.641 (applicable to Supplemental Security Income) explain the Agency's obligations to a beneficiary if his or her representative payee misuses their benefit payments. 20 C.F.R. § 404.2041(a) requires the representative payee to repay the misused funds, although the Agency will make "every reasonable effort" to obtain restitution from the representative payee. As relevant here, the Agency must repay the misused funds to a beneficiary if the Agency's negligent failure in either investigating or monitoring the representative payee resulted in the misuse.[2] *See* 20 C.F.R. § 404.2041(c). The term "negligent failure" is defined as either the

---

[2] 20 C.F.R. § 404.2041(c) sets forth the Agency's obligation to repay benefits to a beneficiary in cases where an individual representative is serving 14 or fewer beneficiaries, as was the case with Ms. Smith.

Agency's failure to investigate or monitor the representative payee, or its failure to follow established procedures in its investigating or monitoring the representative payee. *See* 20 C.F.R. § 404.2041(d).

The initial question presented to the Court is whether the law and applicable Agency regulations permit the remedy sought here, restitution to the beneficiary, if the Agency negligently failed to act timely in recovering his misused benefits from his former representative payee. Here, the Court finds that the applicable law and regulations do not permit such a remedy since, as stated, the Agency is only liable to repay benefits misused by the representative payee where the Agency's negligent failure to investigate or monitor the representative payee resulted in the misuse of benefits. *See* 20 C.F.R. §§ 404.2041 and 416.641. In this case, Plaintiff is unable to establish that it was the Agency's negligence that resulted in the misuse of funds by representative payee Mary Smith since the Agency removed her as payee when it appointed a new representative payee, Jessica Rice, on July 14, 2004. This date was before the Agency officially determined misuse by Mary Smith and therefore the regulations do not allow for the remedy of restitution to Plaintiff.[3]

---

[3]In their briefing, the parties dispute the date on which the Agency discovered (or should have discovered) the misappropriation of funds by Mary Smith. On one hand, the Agency argues that the first time the issue was even raised was in April of 2005, when Jessica Rice inquired about Plaintiff's past due benefits, and that it was in response thereto that the Agency queried the Department of Treasury and requested an accounting. Further, the Agency asserts that it was not until October of 2005 that Plaintiff submitted his statement to the Agency affirmatively indicating that he had not received his benefit payments (Tr. 19) and that the Agency responded by promptly contacting Mary Smith to investigate Plaintiff's claim.

Plaintiff, on the other hand, asserts that he first informed the Agency of Mary Smith's misappropriation on May 11, 2004, when he requested that a new representative payee be appointed. There is, however, no documentation supporting this claim and the documentation that Mr. Smith offers in support is the July 14, 2004, letter from the Agency appointing Jessica Rice as Mr. Smith's new representative payee (Tr. 58).

Additionally, even if the applicable law and regulations allowed for the remedy sought by Plaintiff, substantial evidence supports the ALJ's conclusion that the Agency was not negligent in its pursuit of restitution from Ms. Smith.  First, it was not appropriate for the Agency to begin pursuing restitution from Ms. Smith until her culpability was established.  Second, it was reasonable for the Agency to have acted in its own right and in accordance with its policies.  *See*, *e.g.*, POMS GN 02201.050 (outlining the Agency's process for seeking restitution after a misuse determination is made).[4]  Third, the Agency sought restitution from Ms. Smith by February 2006 (Tr. 20, 89-90), only a few months after the matter had been referred to the Agency's Office of the Inspector General (OIG) for further investigation (Tr. 20, 86-88).  Ms. Smith admitted her culpability to the OIG agent in March 2006 (Tr. 16, 92), OIG issued its report in June 2006 (Tr. 17, 92-93), and the matter was referred for criminal prosecution by July 2006 (Tr. 17, 92-93).  Unexpectedly, Ms. Smith died on the same day that OIG referred this matter to the United States Attorney's office for prosecution (Tr. 17, 93).  Thus, given the circumstances, the Court finds that substantial evidence supports a finding that the Agency's handling of the matter was not negligent.

Accordingly, the Court concludes that the remedy sought by Plaintiff is not permitted pursuant

---

  In his ruling, the ALJ determined that the first "official" report of the misused funds was on October 15, 2005, when Mr. Smith provided the Agency with a written statement affirming that he had never received a check for past due benefits (Tr. 75).

  Ultimately, however, given the applicable standard and regulations, the court concludes that a new payee was appointed and there is no evidence that the Agency's actions or inactions resulted in the misuse of benefits by representative payee Mary Smith.

  [4] The POMS reflects the SSA's interpretation of the Act and its regulations; they are entitled to deference unless they are arbitrary, capricious, or contrary to law.  *See McNamar v. Apfel*, 172 F.3d 764, 766 (10th Cir. 1999).

to the applicable law and relevant regulations. Further, even if such remedy were permitted, there is substantial evidence in the record supporting the Court's decision to uphold the ALJ's finding that the Agency did not act negligently in its pursuit of restitution of Plaintiff's misused benefits from his former representative payee. *See Richardson*, 402 U.S. at 390, 401 (1971); *Lax*, 489 F.3d at 1084; *Ellison*, 929 F.2d at 536.

**V.  RECOMMENDATION**

IT IS HEREBY RECOMMENDED to the District Court that the Commissioner's final decision be AFFIRMED. The Court bases its recommendation upon its conclusion that the Agency is not liable to repay misused benefits to a beneficiary due to any alleged negligence in its seeking restitution from a representative payee. Moreover, even if such a remedy were allowed by law or regulation, in this case, the Agency was not negligent in how it pursued seeking restitution of Plaintiff's misused benefits from his former representative payee.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within fourteen (14) days after being served with a copy.[5] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 30th day of December, 2014

_____
Dustin B. Pead
U.S. Magistrate Judge

---

[5] *See,* Fed. R. Civ. P. 72(b)(2).